## In re BROWN.

(District Court, W. D. Pennsylvania.   October 1, 1899.)

1. BANKRUPTCY--EXEMPTIONS--DEMAND OF INDEMNITY.

A trustee in bankruptcy has no right to demand from the bankrupt, as a condition upon his delivering to him the property claimed as exempt and appraised for that purpose, a bond of indemnity; and where, upon demand and refusal of such a bond, the trustee sells the property in question, the bankrupt may claim the amount of his exemptions from the proceeds.

2. SAME--SALE OF EXEMPT PROPERTY BY TRUSTEE.

Where a voluntary bankrupt demanded the exemption allowed him by the law of the state, and the property was appraised, and the claim allowed by the referee, but the bankrupt refused to accede to the trustee's demand for a bond of indemnity, as the condition upon which he would deliver the property to him, and agreed that the property might be sold by the trustee, stating that he would claim the amount of the exemptions from the proceeds, *held*, that there was no waiver or forfeiture by the bankrupt of his right to claim the exemption.

In Bankruptcy.   On review of decision of referee in bankruptcy upon bankrupt's claim for exemptions.

William R. Peoples, for bankrupt.

A. W. King, for trustee.

BUFFINGTON, District Judge.   In this case the bankrupt, in his voluntary petition, claimed the exemptions provided by the laws of the state of Pennsylvania, made his claim, and an appraisement was had.   It also appears the referee, after hearing the arguments, decided he was entitled to such exemptions.   Under the then state of facts, it is conceded the decision was correct.   It is alleged, however, that the bankrupt has since forfeited his claims.   It seems that, after allowance of the exemption by the referee, the trustee refused to surrender the appraised goods, unless the bankrupt indemnified him by bond with security.   This the bankrupt at first agreed to do, but subsequently declined, stating to the trustee he might sell the property, and he would claim his exemption from the proceeds.   We fail to see any forfeiture or surrender by the bankrupt of his claims. While there was no objection to the trustee accepting an indemnity bond if the bankrupt saw fit to give it, yet he had no right to demand one.   By the act it was the duty of the trustee to set apart the bankrupt's exemptions, and report the items and estimated value thereof to the court as soon as practicable after his appointment.

While the property was appraised, the trustee did not deliver it. It is alleged the bankrupt agreed to this sale, but it is evident he did so only because of the demand for a bond.   As such demand was unwarrantable, he should not be deemed to have surrendered his rights by agreeing to the sale.   Equity will consider that as done which ought to have been done.   The act of the trustee in selling the goods after the demand for the exemption and setting apart of the goods did not affect or defeat the bankrupt's rights.

We are of the opinion that the referee, in closing this estate, should allow the trustee a credit for $300 for the exemption of the bankrupt, and the papers are returned to him for such action.